UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DENNIS ALVIDREZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-699-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 13, 14. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I. <u>Background</u>

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since March 14, 2012. Administrative Record ("AR") 216-19, 222-27. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 151-55, 159-63. On June 10, 2015, a hearing was held before administrative law judge ("ALJ") John Cusker. *Id.* at 30-76.

1

Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On November 2, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 10-22. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since March 14, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease involving both shoulders, coronary artery disease with a history of stenting, obesity, and chronic pain (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work. He can lift and/or carry up to 20 pounds occasionally and ten pounds frequently. He can stand and/or walk up to four hours, and sit for six hours over the course of an eight-hour workday, with normal breaks. He can occasionally stoop, crouch, and crawl, and occasionally climb ramps, stairs, ladders, ropes, and/or scaffolds. He can occasionally reach overhead, bilaterally. He must avoid concentrated exposure to extreme cold, vibration, and hazards (20 CFR 404.1567(b) and 416.967(b)).

\* \* \*

6. The claimant is capable of performing past relevant work as a social service aide. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 14, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 12-21.

Plaintiff's request for Appeals Council review was denied on January 27, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

II. <u>Legal Standards</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

III. Analysis

Plaintiff argues that the ALJ erred by rejecting the opinion of her examining physician absent legally sufficient reasons. ECF No. 13.

A. Relevant Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.

4

*Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

B. Background

Plaintiff briefly received treatment from Dr. Virginia Alvidrez. It was Dr. Alvidrez's opinion that plaintiff could lift up to 10 pounds occasionally; sit for 15 minutes and stand for 20 minutes at one time; sit and stand/walk less than two hours in an eight-hour workday; rarely climb ladders and occasionally twist, stoop, crouch, squat, and climb stairs; and would require 15-20 minute breaks every 30 to 60 minutes. *Id*. at 1296-98.

In May 2013, plaintiff underwent a comprehensive internal medicine evaluation, which was performed by examining physician Dr. Tomas Rios. AR 929 -33. Plaintiff complained of chronic knee and back pain, a left shoulder rotator cuff tear, and a heart condition. *Id*. at 929. Based on the examination, Dr. Rios diagnosed plaintiff with status post bilateral knee surgery, lumbar radiculitis, status post rotator cuff repair of the right, chronic rotator cuff tendinitis on the left, and coronary artery disease status post stent placement. *Id*. He opined that plaintiff could stand and walk up to four hours, but would require five minutes of rest every 20 minutes; sit without limitation; lift and carry 20 pounds occasionally and 10 pounds frequently; occasionally climb, kneel, crouch, and crawl; frequently balance and stoop; occasionally reach bilaterally; and frequently handle, finger, and feel. *Id*. at 933.

Two state agency non-examining physicians also reviewed plaintiff's records and submitted opinions addressing plaintiff's physical limitations. Dr. Roy Brown opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk four hours in an eight-hour workday; sit about six hours in an eight-hour workday; occasionally climb, stoop, kneel, crouch, and crawl; but should avoid concentrated exposure to extreme cold, vibrations, and hazards. *Id*. at 85-87, 98-100. Dr. J. Linder concurred in the limitations assessed
/////

5

by Dr. Brown, but found that plaintiff was also limited to occasional overhead reaching. *Id.* at 119-21, 141-43.

In assessing plaintiff's residual functional capacity ("RFC"), the ALJ accorded "some weight" to Dr. Rios's opinion.[2] *Id.* at 18. Although the ALJ adopted significant portions of Dr. Rios's opinion, the ALJ explicitly rejected the opinion that plaintiff was limited to occasional reaching, frequent gross and fine manipulation, and would require rest after 20 minutes of walking. *Id.*

C. Discussion

Dr. Rios was an examining, not treating doctor. Because his opinion was contradicted by the opinions of Dr. Brown and Dr. Linder, the ALJ was required to provide specific and legitimate reasons for rejecting Rios' opinion. *Lester*, 81 F.3d at 830. The reasons articulated by the ALJ satisfied that standard.

First, the ALJ concluded that the manipulative restrictions assessed by Dr. Rios were not supported by the findings from his own examination of plaintiff. An inconsistency in a physician's opinions, observations, and clinical notes is a legally sufficient basis for not relying on the physician's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Johnson v. Shalala*, 60 F.3d 1424, 1433 (9th Cir. 1995). As observed by the ALJ, Dr. Rios noted that plaintiff had a full range of motion in both shoulders. AR 932. Although plaintiff reported some pain, it was only at the end range of motion. *Id.* Plaintiff had some tenderness along the subacromial area bilaterally, but there was no wasting of the supraspinatus or biceps muscles. *Id.* He also had normal strength throughout his upper extremities, including normal grip strength, and his sensation was intact. *Id.* The ALJ properly concluded that these minimal findings regarding plaintiff's upper extremities did not support the assessed limitations in reaching, handling, finding, and feeling.

The ALJ also reasonably concluded that Dr. Rios's opinions that plaintiff would require a five-minute break after standing or walking for 20 minutes was inconsistent with plaintiff's own

---

[2] The ALJ also rejected Dr. Advidrez's treating opinion. AR 18. Plaintiff does not challenge the ALJ's treatment of Dr. Advidrez's opinion.

reported daily activities. *Id*. at 18; *see Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 601-02 (9th Cir. 1999) (holding that inconsistency with daily activities is a specific and legitimate reason to discount a physician's opinion). As observed by the ALJ, plaintiff worked as an umpire for a softball league. Logically, one would not be able to umpire a softball game if he had to stop the game for a five-minute break every 20 minutes.

Plaintiff, however, argues that there is nothing inconsistent with Dr. Rios's opinion and plaintiff's ability to work as an umpire. ECF No. 13 at 7. Plaintiff notes that he testified that each game is only six innings and lasts less than an hour. *Id*.; *see* AR 36, 38. According to plaintiff, this means "each inning lasts ten minutes or less, and each half inning would occur approximately every five minutes," thereby allowing plaintiff to take "frequent breaks throughout the short game." ECF No. 13 at 7. The argument rests on the assumption that he was able to sit down and rest in between innings. The record does not contain any evidence to support that assumption. Furthermore, although plaintiff describes the game as "short," the record indicates that he umpired more than one game at a time. In his work history report, plaintiff stated that he usually worked as an umpire for 3 hours a day. *Id*. at 282. Significantly, he reported that the job required more than 3 hours of walking and standing, 1.5 hours of kneeling and crouching, but did not involve sitting. *Id*.

Based on this evidence, the ALJ reasonably concluded that Dr. Rios's opinion that plaintiff required frequent breaks was inconsistent with the ability to work as an umpire. *See Marci v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) ("[T]he ALJ is entitled to draw inferences logically flowing from the evidence.") (quotations omitted); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record . . . .") (quotations omitted). Accordingly, the ALJ did not err in rejecting portions of Dr. Rios's examining opinion.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted;

3. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

DATED: September 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE